# EXHIBIT A

```
MIDDLESEX VICINAGE CIVIL DIVISION
P O BOX 2633
56 PATERSON STREET
NEW BRUNSWICK    NJ 08903-2633                 TRACK ASSIGNMENT NOTICE

COURT TELEPHONE NO. (732) 645-4300
COURT HOURS  8:30 AM - 4:30 PM


                        DATE:   JUNE 05, 2018
                        RE:     KOZIOL THEODORE  VS UNITED HEALTHCARE, I NC.
                        DOCKET: MID L -003441 18


     THE ABOVE CASE HAS BEEN ASSIGNED TO:  TRACK 2.

     DISCOVERY IS   300 DAYS AND RUNS FROM THE FIRST ANSWER OR 90 DAYS
FROM SERVICE ON THE FIRST DEFENDANT, WHICHEVER COMES FIRST.

     THE PRETRIAL JUDGE ASSIGNED IS:  HON ANDREA CARTER

     IF YOU HAVE ANY QUESTIONS, CONTACT TEAM      002
AT:  (732) 645-4300.

     IF YOU BELIEVE THAT THE TRACK IS INAPPROPRIATE YOU MUST FILE A
CERTIFICATION OF GOOD CAUSE WITHIN 30 DAYS OF THE FILING OF YOUR PLEADING.
     PLAINTIFF MUST SERVE COPIES OF THIS FORM ON ALL OTHER PARTIES IN ACCORDANCE
WITH  R.4:5A-2.
                        ATTENTION:
                             ATT: JEFFREY B. RANDOLPH
                             JEFFREY RANDOLPH LLC
                             139 HARRISTOWN RD
                             STE 205
                             GLEN ROCK        NJ 07452


ECOURTS
```

JEFFREY B. RANDOLPH, ESQ. - 038221996
Law Office of Jeffrey Randolph, LLC
139 Harristown Road, Suite 205
Glen Rock, New Jersey 07652
Tel. (201) 444-1645
Attorneys for Plaintiffs

| | |
|---|---|
| BACK & NECK CENTER OF BRICK, LLC, and THEODORE KOZIOL, DC, <br><br> Plaintiff(s), <br><br> v. <br><br> COTIVITI HEALTHCARE, & UNITED HEALTHCARE, INC., JOHN DOES I-X; and ABC ENTITIES I-X, <br><br> Defendant(s). | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – MIDDLESEX COUNTY <br><br> DOCKET NO.: MID-L-3441-18 <br><br> **Civil Action** <br><br> **SUMMONS** |

From The State of New Jersey To The Defendant(s) Named Above:

The plaintiff, named above, has filed a lawsuit against you in the Superior Court of New Jersey. The complaint attached to this summons states the basis for this lawsuit. If you dispute this complaint, you or your attorney must file a written answer or motion and proof of service with the deputy clerk of the Superior Court in the county listed above within 35 days from the date you received this summons, not counting the date you received it. (A directory of the addresses of each deputy clerk of the Superior Court is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/pro_se/10153_deptyclerklawref.pdf.) If the complaint is one in foreclosure, then you must file your written answer or motion and proof of service with the Clerk of the Superior Court, Hughes Justice Complex, P.O. Box 971, Trenton, NJ 08625-0971. A filing fee payable to the Treasurer, State of New Jersey and a completed Case Information Statement (available from the deputy clerk of the Superior Court) must accompany your answer or motion when it is filed. You must also send a copy of your answer or motion to plaintiff's attorney whose name and address appear above, or to plaintiff, if no attorney is named above. A telephone call will not protect your rights; you must file and serve a written answer or motion (with fee of $175.00 and completed Case Information Statement) if you want the court to hear your defense.

If you do not file and serve a written answer or motion within 35 days, the court may enter a judgment against you for the relief plaintiff demands, plus interest and costs of suit. If judgment is entered against you, the Sheriff may seize your money, wages or property to pay all or part of the judgment. If you cannot afford an attorney, you may call the Legal Services office in the county where you live or the Legal Services of New Jersey Statewide Hotline at 1-888-LSNJ-LAW (1-888-576-5529). If you do not have an attorney and are not eligible for free legal assistance, you may obtain a referral to an attorney by calling one of the Lawyer Referral Services. A directory with contact information for local Legal Services Offices and Lawyer Referral Services is available in the Civil Division Management Office in the county listed above and online at http://www.judiciary.state.nj.us/prose/10153_deptyclerklawref.pdf

Dated: 06/05/2018

_John S. Hogan /s/_____
John S. Hogan,
Clerk of the Superior Court

Name of Defendant to be served:      United Healthcare Inc.
Address of Defendant:                170 Wood Avenue South
                                     Iselin, NJ 08830

Name of Defendant to be served:      Cotiviti Healthcare
Address of Defendant:                6800 Wieskkopf Avenue
                                     McKinny, TX

THE LAW OFFICE OF JEFFREY RANDOLPH, LLC
JEFFREY B. RANDOLPH, ESQ. (03822-1996)
139 Harristown Road, Ste 205
Glen Rock, NJ 07452
*Attorneys for Plaintiffs*
Our File No.: 09-C-04390

| | |
|---|---|
| BACK & NECK CENTER OF BRICK, LLC, and THEODORE KOZIOL, DC, <br><br> Plaintiff(s), <br><br> v. <br><br> COTIVITI HEALTHCARE, & UNITED HEALTHCARE, INC., JOHN DOES I-X; and ABC ENTITIES I-X, <br><br> Defendant(s). | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – OCEAN COUNTY <br><br> DOCKET NO.: _____ <br><br> **Civil Action** <br><br> **COMPLAINT** |

The Plaintiffs, BACK & NECK CENTER OF BRICK, LLC and THEODORE KOZIOL, DC, by way of complaint, say:

## THE PARTIES

1.     Plaintiff, THEODORE KOZIOL, DC, is a resident of the State of New Jersey and a doctor licensed to practice chiropractic medicine in the State of New Jersey. Dr. Koziol's principal place of business is located at 387 Brick Boulevard, Brick, New Jersey.

1

2.      Plaintiff, BACK & NECK CENTER OF BRICK, LLC, is a Limited Liability Company owned by Dr. Koziol, formed and doing business in the State of New Jersey with its principal place of business located at 387 Brick Boulevard, Brick, New Jersey.

3.      Upon information and belief, defendant, UNITED HEALTHCARE, INC., (hereinafter "UHC"), is a health insurance corporation authorized to do business and doing business in the state of New Jersey issuing insurance and/or administering self-insured plans in New Jersey.  UHC's principal place of business in New Jersey is located at 170 Wood Avenue South, Iselin, NJ 08830, New Jersey.

4.      Upon information and belief, Cotiviti Healthcare is an agent and/or contractor of UHC contracted to review and/or audit billing and reimbursement of UHC claims and self-funded plans UHC administers in the State of New Jersey and/or is authorized to do so.  Cotiviti's principal address is 6800 Wieskopf Avenue, McKinney Texas.

5.      Defendants, JOHN DOES 1 through 10, ABC ENTITIES 1 through 10, and XYZ PARTNERSHIPS 1 through 10, are fictitious parties who will be named in this action when their identities become known.

## INFORMATION APPLICABLE TO ALL COUNTS

7.      Dr. Theodore Koziol, DC, is a chiropractic physician and the sole owner of Neck and Back Center of Brick, LLC.

2

8.      Dr. Koziol treats and performs nerve testing on patients insured by UHC and/or subscribers to self-funded plans UHC administers and submits claims to UHC for reimbursement pursuant to a written assignment of benefits from his patients.

8.      Subject to deductible, co-payment and co-insurance requirements of each particular health insurance plan, non-participating providers such as plaintiffs are entitled to payment of their usual and customary rate ("UCR") of reimbursement as established pursuant to New Jersey law.

9.      Plaintiffs provided medically necessary and reasonable nerve conduction velocity testing services ("NCV") to multiple patients and submitted claims for reimbursement to UHC who: i) verified that the testing services were a covered service prior to the testing; ii) reimbursed the testing at plaintiff's usual and customary rate, and ii) did not indicate in any manner that the testing was not covered or lacked medical necessity or reasonableness.

10.     UHC thereafter hired Cotiviti to review previously paid claims and pursue recoupment of claims that were previously paid with no basis for same.

11.     Cotiviti requested recoupment of multiple nerve testing claims of plaintiff that were previously paid over 17 months after UHC voluntarily paid the claims.

12.     These recoupments were well beyond the statutory time frame permitted by federal ERISA law and/or state law and defendants did not provide any true appeal process and only provided a pretextual appeal process wherein defendants ignored any appeal and recouped claims regardless of the appeal.

3

13.     Further, Cotiviti and/or UHC is not recouping the previously paid funds from a separately identified, segregated account as required by federal ERISA law.

14.     The recoupment by UHC and/or Cotiviti is, therefore, being done in express violation of ERISA and contracts of health insurance of which plaintiffs are assignees and defendants must be ordered to cease and desist pursuant to injunctive relief.

## COUNT ONE
## (BREACH OF CONTRACT)

1.     Plaintiffs are assignees and/or third-party beneficiaries of the contracts of health insurance between their patients who are UHC subscribers or subscribers of self-funded plans UHC administers.

2.     In improperly recouping funds as aforesaid, Defendants have breached the contract of health insurance entered between itself and its subscribers or plan subscribers of which plaintiffs are assignees.

4.     Defendants breaches of the Agreements have proximately cause damage to the Plaintiffs.

WHEREFORE, the Plaintiffs, demand judgment against the Defendants, jointly and severally, as follows:

(a)     For immediate reimbursement of all claims improperly recouped to date;

(b)     For an order enjoining improper and illegal recoupments and compensation on UHC claims pending the present litigation;

(c)     For compensatory damages;

4

(d)     For consequential and incidental damages;

(e)     For attorney's fees and costs of suit, and interest; and

(f)     All such other relief as the Court deems just and equitable.

<u>COUNT TWO</u>
**(BREACH OF GOOD FAITH AND FAIR DEALING / BAD FAITH)**

1.      Plaintiffs repeat the allegations contained in Count One as if set forth at length herein.

2.      Plaintiffs and Defendants are in privity of contract under the health insurance contracts of UHC subscribers who are patients of plaintiffs and/or plaintiffs are third party beneficiaries under the contracts of health insurance between UHC and its subscribers.

3.      Essential to the exercise of the rights of the parties and enjoyment of the benefits provided under the health insurance contract is the good faith performance of all obligations required to be performed thereunder.

4.      Defendants actions of improperly recouping previously paid claims in violation of law, defendants have breached its duty of good faith and fair dealing to plaintiffs and/or has otherwise acted in bad faith towards plaintiffs.

5.      The aforesaid conduct on the part of defendants constitutes evidence of bad faith and the breach of the implied covenant of good faith and fair dealing defendants owe its subscribers and plaintiffs as their subrogees and/or third-party beneficiaries under the Agreements.

6.     In this regard, defendants' conduct has had the effect of depriving plaintiffs from enjoying the fruits of the Agreement and has proximately caused significant financial damages to plaintiffs.

WHEREFORE, the Plaintiffs, demand judgment against the Defendants, jointly and severally, as follows:

(d)   For immediate reimbursement of all claims improperly recouped to date;

(e)   For an order enjoining improper and illegal recoupments and compensation on UHC claims pending the present litigation;

(f)   For compensatory damages;

(d)   For consequential and incidental damages;

(e)   For attorney's fees and costs of suit, and interest; and

(f)   All such other relief as the Court deems just and equitable.

## COUNT THREE
### (TORTIOUS INTERFERENCE WITH PROSPECTIVE ECONOMIC ADVANTAGE)

1.     Plaintiffs repeat the allegations contained in prior counts as if set forth at length herein.

2.     Plaintiffs enter contractual agreements with their patients that are UHC or self-funded plan subscribers administered by UHC to provide health care services in return for payment for said services from their patient's insurers as well as from the patients themselves.

6

3.     Essential to the exercise of the rights of the parties and enjoyment of the benefits provided under the contractual agreements between plaintiffs and their patients is the notion that the patients' insurers would not undertake any malfeasance or nonfeasance that would deprive one of the parties to the agreement from enjoying the fruits of the Agreement during and beyond its term.

4.     Defendants' actions in improperly recouping previously paid claims with no basis and in violation of the law constitutes tortuous interference with plaintiffs' prospective economic advantage.

5.     Plaintiffs had a reasonable expectation of economic advantage from the compensation for services validly rendered to UHC subscribers for use in the support and growth of his practice.

6.     Defendants intentionally interfered with plaintiffs' expectations of economic advantage by its actions aforesaid in the absence of any contractual, regulatory or statutory authority to do so.

7.     Defendants interference with plaintiffs' expectation of economic advantage is obvious from its conduct and is couched in terms that constitute a conspicuous absence of authority to so act, as such, is without justification or excuse and otherwise is malicious.

8.     Defendants interference with plaintiffs' expectation of economic advantage has caused plaintiffs prospective losses and caused them to incur substantial debt that they would otherwise not have incurred.

7

9.      Defendants interference with plaintiffs' expectation of economic advantage has proximately caused damages to the plaintiffs.

WHEREFORE, the Plaintiffs, demand judgment against the Defendants, jointly and severally, as follows:

(g)   For immediate reimbursement of all claims improperly recouped to date;

(h)   For an order enjoining improper and illegal recoupments and compensation on UHC claims pending the present litigation;

(i)   For compensatory damages;

(d)   For consequential and incidental damages;

(e)   For attorney's fees and costs of suit, and interest; and

(f)   All such other relief as the Court deems just and equitable.


## COUNT FOUR – ERISA CLAIMS

1)  Plaintiffs repeat the allegations contained in prior counts as if set forth at length herein.

2)  ERISA permits Plaintiffs to bring a civil action to (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan. See, ERISA, 28 U.S.C. §502(A)(3).

8

3) As an enforcement action under ERISA, 28 U.S.C. §502(A)(1)(B), State courts of competent jurisdiction and district courts of the United States shall have concurrent jurisdiction of actions. See, ERISA, 28 U.S.C. §502(e).

4) It is well established, as the United States Supreme Court has made clear, that any legal claim by United (or any plan or claim administrator) for funds it previously paid, as to any ERISA-governed claim, would be preempted by ERISA. Great West Life & Annuity Ins. Co. v. Knudsen, 534 U.S. 204 (2002). See also, Aetna v. Davila, 542 U.S. 200 (2004) ("The purpose of ERISA is to provide a uniform regulatory regime over employee benefit plans. To this end, ERISA includes expansive preemption provisions").

5) As such, any attempt by United to find a remedy would be solely limited to any cause of action delineated under § 502 (a)(3) of ERISA [29 U.S.C. § 1132 (a)(3)]. Great West, supra at 712-713. Under that section, a health insurer, claim administrator, plan administrator or sponsor would need to prove its status as a plan fiduciary and would then, by the terms of the statute, be limited solely to a claim in equity.

6) Accordingly, the United States Supreme Court has held that a health insurer, claim administrator, plan administrator or sponsor has no standing and cannot pursue a claim for money damages against a medical provider. Great West Life & Annuity Ins. Co. v. Knudsen, 534 U.S. 204 (2002); Sereboff v. Mid Atl. Med. Svcs, Inc., 547 U.S. 356 (2006). The only way that any such effort could be undertaken would be if the funds previously paid were segregated and identifiable funds, such that the funds could be subjected to an equitable restitution claim. The funds would need to be traced and

9

identifiable, such as funds specifically segregated and sequestered in an escrow account. Id.

7) The funds at issue here were transmitted, dispersed, and expended, over 17 months ago. There could never be any tracing that could allow an equitable restitution claim to be considered or to proceed, as a matter of law.

8) Since the plaintiffs did not hold aside and segregate the funds, they cannot be recovered by UHC, as a matter of law.

9) Notwithstanding the foregoing, it is also clear that any attempt to recoup funds already paid is unlawful. As noted below, violation of the applicable ERISA regulations results in waiver, preclusion, or forfeiture.

10) Pursuant to 29 C.F.R. § 2560.503-1, within 30 days of receiving a claim, the plan or claim administrator of a group health plan must either pay the claim, deny the claim, or request information or a 15-day extension of time. 29 C.F.R. § 2560.503-1 ("the Regulation(s)"). If the claim is denied, there are various requirements that the reason(s) for the claim decision be specific, including, by way of example, that there be an explanation of the "scientific or clinical judgment" for denials based upon an alleged lack of medical necessity or based upon the assertion of an exclusion as to an experimental or investigational treatment or test.

11) There are also numerous requirements for notification of rights to appeal. Any claim denial or assertion of a legal defense, in order to preserve the rights of the plan administrator, claim administrator, the plan, or its sponsor, must be asserted within the confines of this strict regulatory framework.

10

12)   Courts require strict compliance with the ERISA regulations. In fact, courts have rejected plan and claim administrators' attempts to argue for a "substantial compliance" rule. See, e.g., Nichols v. Prudential Ins. Co. of America, 406 F.3d 98, 101 (2d. Cir. 2005)(holding "[t]hat the plain language of 29 C.F.R. § 2560.503-1(h) precludes the judicial creation of a "substantial compliance" doctrine."). See also, Eastman Kodak Co. v. STWB, Inc., 452 F.3d 215, 223 (2d Cir. 2006) (instructing that the Courts' requirement of strict adherence to the Regulations is "uncompromising").

13)   If Defendants had any concerns regarding the claims at issue here, or wished to review the claims further, they were required to do so promptly; i.e., within 30 days of receiving the claims. 29 C.F.R.§ 2560.503-1. Payment of the claims without a request for further review at that time and without asserting defenses to payment is deemed a waiver of all defenses, as a matter of law. Thus, the claims cannot be re-opened or re-visited.

14)   Indicating that there will be payment of the claims -- and indeed paying them – without a request for further information, or failing to assert defenses within the prescribed regulatory time period(s) is legally deemed a waiver, preclusion, or forfeiture of defenses. Harlick v. Blue Shield of California, 656 F3d 832 (9th Cir. 2011) (insurer and claim administrator forfeit their ability to assert defenses at a later time if they do not assert them during the "administrative process"; i.e., within the 30 days provided under the regulations); Lauder v. First Unum, 284 F.3d 375 (2d Cir. 2002) (the claim is "established" upon its submission; if the insurer fails to investigate, it has waived its rights and any complaints it may have at a later date about the sufficiency of

11

the claim are a direct result of its decision not to investigate in the appropriate time frame). See also, Mitchell v. CB Richard Ellis LTD Plan, 611 F.3d 1192, fn2 (9th Cir 2010) (defense waived due to a failure to timely assert it, pursuant to the ERISA Regulation); Zuckerman v. United of Omaha Life Ins. Co., 2011 WL 2173629 (N.D. ILL., 2011)(defense by plan / claim administrator prohibited because not timely disclosed, as required by the ERISA regulation).

15) Plaintiffs have suffered damage as a result of defendants' violations of ERISA, entitling them to monetary damages and/or restitution as well as other declaratory and injunctive relief related to enforcement of the plan terms, and to clarify future benefits. In particular, Horizon is liable to Plaintiffs for improperly recouped benefits, interest, attorney's fees, and other penalties as this Court deems just, under ERISA §502(a)(1)(B), 29 U.S.C. §1132 (a)(1)(B).

WHEREFORE, the Plaintiffs demand judgment against the Defendants on its claims as follows:

(j)     For immediate reimbursement of all claims improperly recouped to date pursuant to ERISA, §502(A)(1)(B) et seq.;

(k)     For an order enjoining improper and illegal recoupments and compensation on UHC claims pending the present litigation;

(l)     For compensatory damages;

(d)     For consequential and incidental damages;

12

(e)    For statutory penalties, injunctive and declaratory relief for Horizon's violation of its disclosure obligations under ERISA and the federal common law, including under §104(b)(4), 29 U.S.C. §1024(b)(4);

(g)    For attorney's fees and costs of suit, and interest; and

(h)    All such other relief as the Court deems just and equitable.

## TRIAL COUNSEL DESIGNATION

JEFFREY B. RANDOLPH, ESQ., is hereby designated as Trial Counsel in the above matter.

## CERTIFICATION OF ATTORNEY PURSUANT TO RULE 4:5

I hereby certify that to the best of my knowledge, information and belief, the within matter is not the subject of any other action or proceeding. I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

LAW OFFICE OF JEFFREY RANDOLPH, L.L.C.
Attorneys for Plaintiffs

*Jeffrey Randolph*

By: _____
JEFFREY B RANDOLPH, ESQ.

DATED: May 25, 2018

13

**JEFFREY B. RANDOLPH, ESQ. (03822-1996)**
**LAW OFFICE OF JEFFREY RANDOLPH, LLC**
139 Harristown Road, Suite 205
Glen Rock, New Jersey 07452
Tel. (201) 444-1645

| | |
|---|---|
| BACK & NECK CENTER OF BRICK, LLC, and THEODORE KOZIOL, DC, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – MIDDLESEX COUNTY |
| Plaintiff(s), | |
| v. | DOCKET NO.: MID-L-3441-18 |
| | **Civil Action** |
| COTIVITI HEALTHCARE, & UNITED HEALTHCARE, INC., JOHN DOES I-X; and ABC ENTITIES I-X, | **NOTICE OF MOTION TO TRANSFER VENUE** |
| Defendant(s). | |

    **PLEASE TAKE NOTICE** that the undersigned, attorneys for plaintiff will apply to the above-named Superior Court of New Jersey at the Middlesex County Superior Court, Paterson Street, Newark, New Jersey, on Friday, July 20, 2018 at 9:00 A.M. or as soon thereafter as counsel may be heard, for an Order Transferring Plaintiff's Complaint.

    Reliance will be placed on the Plaintiff's Certification in Support of Motion and Exhibits annexed thereto forwarded under separate cover in support of this application.

    A proposed form of Order is annexed hereto pursuant to Rule 1:6-2(a).

    Oral argument is requested if this matter is contested.

| DATES: | | |
|---|---|---|
| | Arbitration Date: | None |
| | Pretrial Conference: | None |
| | Calendar Call: | None |
| | Trial Date: | None |

1

LAW OFFICE OF JEFFREY RANDOLPH, L.L.C.
Attorneys for Plaintiff

DATED:_____        BY:_____

JEFFREY B. RANDOLPH
A Member of the Firm

**JEFFREY B. RANDOLPH, ESQ. (03822-1996)**
**LAW OFFICE OF JEFFREY RANDOLPH, LLC**
139 Harristown Road, Suite 205
Glen Rock, New Jersey 07452
Tel. (201) 444-1645

| | |
|---|---|
| BACK & NECK CENTER OF BRICK, LLC, and THEODORE KOZIOL, DC,<br><br>                          Plaintiff(s),<br><br>v.<br><br>COTIVITI HEALTHCARE, & UNITED HEALTHCARE, INC., JOHN DOES I-X; and ABC ENTITIES I-X,<br><br>                          Defendant(s). | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – ESSEX COUNTY<br><br>DOCKET NO.: ESX-L-7773-14<br><br>**Civil Action**<br><br>**ORDER TO TRANSFER COMPLAINT** |

WHEREAS the Plaintiff's Complaint was previously filed with Middlesex County Superior Court on or about June 5, 2018, and;

WHEREAS the Plaintiff has filed a Motion to Transfer the Venue with supporting certification, and upon good cause and review of any opposition of plaintiff, it is hereby

ORDERED THAT:

1) Plaintiff's complaint is hereby transferred to Ocean County

IT IS FURTHER ORDERED, that a copy of this Order be served upon all parties in interest within _____ days hereof.

_____

Honorable _____, JSC

1

**JEFFREY B. RANDOLPH, ESQ. (03822-1996)**
**LAW OFFICE OF JEFFREY RANDOLPH, LLC**
139 Harristown Road, Suite 205
Glen Rock, New Jersey 07452
Tel. (201) 444-1645

| | |
|---|---|
| BACK & NECK CENTER OF BRICK, LLC, and THEODORE KOZIOL, DC, | SUPERIOR COURT OF NEW JERSEY LAW DIVISION – MIDDLESEX COUNTY |
| Plaintiff(s), | DOCKET NO.: MID-L-3441-18 |
| v. | Civil Action |
| COTIVITI HEALTHCARE, & UNITED HEALTHCARE, INC., JOHN DOES I-X; and ABC ENTITIES I-X, | CERTIFICATION IN SUPPORT OF MOTION TO TRANSFER VENUE |
| Defendant(s). | |

I, Jeffrey Randolph, Esq., of full age, does certify the following:

1) I am the attorney for Plaintiffs, Back & Neck Center of Brick. LL, and Theodore Koziol, DC, in the present matter.

2) The Plaintiff's complaint was incorrectly filed with Middlesex County Superior Court on June 5, 2017(See, Exhibit A: True & Accurate Copy of the E-Courts Complaint Upload Date)

3) The Defendants in this matter were served on June 6, 2018. To date, no responses have been received by this office. (See, Exhibit B: Affidavits of Service)

4) The Complaint is to be transferred to Ocean County Superior Court which will be the correct Venue (See, Exhibit C: Revised Complaint with Ocean County).

5) No dismissal of the plaintiff's complaint with prejudice has occurred to date and this motion is accompanied by the required reinstatement fee per the Court Rule.

4

Certified this _____ day of June 2018, by:

BY: _____

JEFFREY B. RANDOLPH
A Member of the Firm

<u>CERTIFICATION OF FILING AND SERVICE</u>

I, Kaitlin A. Hetherington, Paralegal, do hereby certify that the original and copies of the aforesaid Notice of Motion, Supporting Certification of Counsel and proposed form of Order have been forwarded to the Clerk of Middlesex County for filing via overnight mail on this day and that copies of the foregoing have been forwarded to Plaintiff, via electronic mail, on this day, as follows:

> United Healthcare Inc.
> 170 Wood Avenue South
> Iselin, NJ 08830
>
> Cotiviti Healthcare
> 6800 Wieskkopf Avenue
> McKinny, TX

LAW OFFICE OF JEFFREY RANDOLPH, L.L.C.
Attorneys for Plaintiff

DATED: 6/27/2018        BY: _____
                           Kaitlin A. Hetherington, Paralegal

3

MID-L-003441-18   06/27/2018 4:24:42 PM   Pg 5 of 19 Trans ID: LCV20181128600

BACK & NECK CENTER OF BRICK, LLC, ET AL

                                                                    Plaintiff

                                   vs

COTIVITI HEALTHCARE, ET AL

                                                                    Defendant

Person to be served (Name and Address):
UNITED HEALTHCARE INC.
170 WOOD AVENUE SOUTH
ISELIN  NJ  08830
By serving: UNITED HEALTHCARE INC.

Attorney: JEFFREY RANDOLPH, ESQ.

Papers Served: SUMMONS AND COMPLAINT, CIS, AND CERTIFICATION

Service Data:     [X] Served Successfully          [ ] Not Served

   Date/Time:     __6/6/2018 11:33 AM__          _____

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age
residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent,
registered agent, etc. (indicate name & official title at right)

---

20180605144011

Superior Court Of New Jersey

MIDDLESEX Venue

Docket Number: MID L 3441 18

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____.____

Name of Person Served and relationship/title:

CHRISTINE BANNON

PERSON AUTHORIZED TO ACCEPT SERVICE

---

Description of Person Accepting Service:

SEX:_F___  AGE:36-50  HEIGHT:_5'4"-5'8"____  WEIGHT:_131-160 LBS.__  SKIN:WHITE____  HAIR:BROWN___  OTHER:_____

Unserved:
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:          Date/Time: _____
                             Date/Time: _____
                             Date/Time: _____

Other:

Served Data:
Subscribed and Sworn to me this

__07__ day of _____, 20__

Notary Signature: _____

JACKELINE GONZALEZ
NOTARY PUBLIC OF NEW JERSEY   Commission Expiration
My Commission Expires Dec. 15, 2020

I, MARIAN ZWIERZYNSKI,
was at the time of service a competent adult, over the age
of 18 and not having direct interest in the litigation. I declare
under penalty of perjury that the foregoing is true and
correct.

Signature of Process Server          Date

Name of Private Server: MARIAN ZWIERZYNSKI  Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952

BACK & NECK CENTER OF BRICK, LLC, ET AL

Plaintiff

vs

COTIVITI HEALTHCARE, ET AL

Defendant

Person to be served (Name and Address):
COTIVITI HEALTHCARE
6800 WIESKKOPF AVENUE
MCKINNY TX 75070
By serving: COTIVITI HEALTHCARE

Attorney: JEFFREY RANDOLPH, ESQ.

Papers Served: SUMMONS AND COMPLAINT, CIS, AND CERTIFICATION

Service Data:  [X] Served Successfully   [ ] Not Served

Date/Time: 6/6/2018 2:55 pm

[ ] Delivered a copy to him/her personally

[ ] Left a copy with a competent household member over 14 years of age residing therein (indicate name & relationship at right)

[X] Left a copy with a person authorized to accept service, e.g. managing agent, registered agent, etc. (indicate name & official title at right)

**20180605144258**

Superior Court Of New Jersey

MIDDLESEX Venue

Docket Number: MID L 3441 18

**AFFIDAVIT OF SERVICE**
(For Use by Private Service)

Cost of Service pursuant to R. 4:4-3(c)

$ _____

Name of Person Served and relationship/title:

LYNNE HALYDIER
HR BUSINESS PARTNER

Description of Person Accepting Service:

SEX: F  AGE: 50  HEIGHT: 5'7"  WEIGHT: 150  SKIN: W  HAIR: BLND  OTHER: _____

Unserved:
[ ] Defendant is unknown at the address furnished by the attorney
[ ] All reasonable inquiries suggest defendant moved to an undetermined address
[ ] No such street in municipality
[ ] Defendant is evading service
[ ] Appears vacant
[ ] No response on:   Date/Time: _____
                     Date/Time: _____
                     Date/Time: _____

Other:

Served Data:
Subscribed and Sworn to me this

11 day of JUNE 20 18

Notary Signature: Valerie

VALERIE JEAN PRITCHARD    10/2/2018
Name of Notary    Commission Expiration

VALERIE JEAN PRITCHARD
Notary Public, State of Texas
My Commission Expires
October 02, 2018

I, SCOTT PRITCHARD,
was at the time of service a competent adult, over the age of
18 and not having direct interest in the litigation. I declare
under penalty of perjury that the foregoing is true and
correct.

Signature of Process Server    6/11/2018
                              Date

Name of Private Server: SCOTT PRITCHARD    Address: 2009 Morris Avenue UNION, NJ 07083  Phone: (800) 672-1952