**MORGAN, LEWIS & BOCKIUS LLP**
(A Pennsylvania Limited Liability Partnership)
502 Carnegie Center
Princeton, NJ 08540
(609) 919-6600
(609) 919-6701
Richard G. Rosenblatt (Attorney ID #031351990)
richard.rosenblatt@morganlewis.com
*Attorneys for Cotiviti, LLC*

### U.S. DISTRICT COURT FOR THE DISTRICT OF NEW JERSEY

_____

|  |  |  |
|---|---|---|
| | : | |
| BACK & NECK CENTER OF BRICK, | : | |
| LLC and THEODORE KOZIOL, DC, | : | CIVIL ACTION |
| | : | |
| Plaintiffs, | : | No. 18-11371-MCA-SCM |
| | : | |
| v. | : | **Motion Date:  October 15, 2018** |
| | : | |
| COTIVITI HEALTHCARE, & | : | **DEFENDANT COTIVITI, LLC'S** |
| UNITED HEALTHCARE, INC., | : | **BRIEF IN SUPPORT OF** |
| JOHN DOES I-X and ABC ENTITIES | : | **MOTION TO DISMISS** |
| I-X, | : | |
| | : | |
| Defendants. | : | |

_____

# TABLE OF CONTENTS

**Page**

I.      INTRODUCTION ............................................................................1

II.     ARGUMENT....................................................................................1

    A.      Legal Standard Under Federal Rule Of Civil Procedure
           12(b)(6)..................................................................................1

    B.      Plaintiffs' State Law Counts Fail to State Claims For Which
           Relief Can Be Granted Against Cotiviti...............................................2

           1.      There is no Contract Between Cotiviti and the Plaintiffs'
                      Patients That Could Have Been Breached................................2

           2.      Plaintiffs' State Law Claims Are Expressly Preempted
                      By ERISA ....................................................................3

    C.      Plaintiffs' Count IV Claim Fails To State A Claim For Relief
           Which Could Be Granted Under ERISA. ............................................7

           1.      The "Equitable Relief" Limit In 29 U.S.C. § 1132(a)(3)
                      Does Not Apply Here Because Defendants Have Not
                      Brought A "Civil Action" Under 29 U.S.C. § 1132(a)(3). ........8

           2.      Recoupment Does Not Violate 29 C.F.R. § 2560.503-1 .........12

           3.      Cotiviti Is Not a Proper Defendant To a Benefits Claim.........16

III.    CONCLUSION...............................................................................16

# <u>TABLE OF AUTHORITIES</u>

**Page(s)**

**Cases**

*Advanced Orthopedics & Sports Med. Inst. v. Empire Blue Cross Blue*
  *Shield*, No. 17-8697, 2018 WL 2758221 (D.N.J. June 7, 2018) ........................6

*Ashcroft v. Iqbal*,
  556 U.S. 662 (2009)..................................................................................2

*Barber v. UNUM Life Ins. Co. of Am.*,
  383 F.3d 134 (3d Cir. 2004) ......................................................................4

*Bell Atl. Corp. v. Twombly*,
  550 U.S. 544 (2007)..................................................................................2

*Broad Street Surgical Center, LLC v. UnitedHealth Group, Inc.*,
  No. 11-2775, 2012 WL 762498 (D.N.J. Mar. 6, 2012) ...................................6, 7

*Center for Special Procedures v. Connecticut Gen. Life Ins. Co.*,
  No. 09-6566, 2010 WL 50618164 (D.N.J. Dec. 6, 2010) ...............................6, 7

*De Buono v. NYSA-ILA Med. & Clinical Servs. Fund*,
  520 U.S. 806 (1997)..................................................................................5

*Eastman Kodak Co. v. STWB, Inc.*,
  452 F.3d 215 (2d Cir. 2006) .....................................................................14

*Ford v. UNUM Life Ins. Co. of Am.*,
  351 F. App'x 703 (3d Cir. 2009) .................................................................5

*Glaze v. Sysco Corp.*,
  No. 05-1546, 2007 WL 1701931 (S.D. Ind. June 11, 2007) ............................12

*Graden v. Conexant Sys., Inc.*
  496 F.3d 291 (3d Cir. 2007) .....................................................................16

*Great West Life & Annuity v. Knudson*,
  534 U.S. 204 (2002)................................................................................8, 9

*Harlick v. Blue Shield of Cal.*,
  656 F.3d 832 (9th Cir. 2011) .....................................................................15

*Ingersoll-Rand Co. v. McClendon*,
    498 U.S. 133 (1990)............................................................................4, 5

*Lauder v. First Unum Life Ins. Co.*,
    284 F.3d 375 (2d Cir. 2002) ..............................................................14

*McCarty v. Holt*,
    No. 12-3279, 2013 WL 775531 (D.N.J. Feb. 27, 2013)......................6

*Menkes v. Prudential Ins. Co. of Am.*,
    762 F.3d 285 (3d Cir. 2014) ................................................................5

*Metropolitan Life Ins. Co. v. Massachusetts*,
    471 U.S. 724 (1985)..............................................................................5

*Mitchell v. CB Richard Ellis LTD Plan*,
    611 F.3d 1192 (9th Cir. 2010) ...........................................................14

*Montanile v. Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan*,
    136 S. Ct. 651 (2016)........................................................................8, 9

*N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645 (1995).....................................................................3

*Nat'l Sec. Sys., Inc. v. Iola*,
    700 F.3d 65 (3d Cir. 2012) ...............................................................3, 4

*Neitzke v. Williams*,
    490 U.S. 319 (1989).............................................................................1

*Nichols v. Prudential Ins. Co. of Am.*,
    406 F.3d 98 (2d Cir. 2005) ................................................................14

*Northcutt v. Gen. Motors Hourly-Rate Emps. Pension Plan*,
    467 F.3d 1031 (7th Cir. 2006) ...............................................9, 10, 12

*Palmer v. Johnson & Johnson Pension Plan*,
    No. 09-0572, 2009 WL 3029794 (D.N.J. Sept. 17, 2009)...........11, 12

*Pane v. RCA Corp.*,
    868 F.2d 631 (3d Cir. 1989) .............................................................5, 6

*Pilot Life Ins. Co. v. Dedeaux*,
   481 U.S. 41 (1987)...........................................................................4

*Rush Prudential HMO, Inc. v. Moran*,
   536 U.S. 355 (2002).........................................................................4

*Sereboff v. Mid Atl. Med. Servs., Inc.*,
   547 U.S. 356 (2006)......................................................................8, 9

*Shaffer v. Rawlings Co.*,
   424 F. App'x 422 (6th Cir. 2011) ...............................................10, 12

*Shaw v. Delta Air Lines, Inc.*,
   463 U.S. 85 (1983)...........................................................................5

*White v. Coca-Cola Co.*,
   542 F.3d 848 (11th Cir. 2008) ........................................................12

*Zuckerman v. United of Omaha Life Ins. Co,.*
   No. 09-4819, 2011 WL 2173629 (N.D. Ill. May 31, 2011) ...............14

**Statutes**

29 U.S.C. § 1132(a) ............................................................... 8-13, 16

29 U.S.C. § 1144(a) .........................................................................4

29 U.S.C. § 1144(c)(1).....................................................................4

**Other Authorities**

29 C.F.R. § 2560.503-1.........................................................12, 13, 15

Fed. R. Civ. P. 12(b)(6)...............................................................1, 6, 16

## I.    <u>INTRODUCTION</u>

Plaintiffs Back and Neck Center of Brick, LLC and Theodore Koziol, DC ("Plaintiffs") have brought a four count Complaint against Defendants United Healthcare, Inc. ("United") and Cotiviti LLC, improperly named as Cotiviti Healthcare ("Cotiviti").  Because none of the four counts asserted state any claim for which relief can be granted, all the claims against Cotiviti must be dismissed. First, apart from the fact that Plaintiffs have attempted to assert a breach of contract action against Cotiviti based on healthcare plans to which Cotiviti is not a party, Plaintiffs' state law claims in Counts I through III must be dismissed in their entirety because they "relate to" ERISA healthcare plans and are expressly preempted by ERISA.  Second, as to Plaintiffs' ERISA cause of action in Count IV, this claim must be dismissed because none of the allegations state a cognizable claim against Cotiviti.

For these reasons, as more fully explained below, Plaintiffs' claims against Cotiviti must be dismissed in their entirety.

## II.    <u>ARGUMENT</u>

### A. <u>Legal Standard Under Federal Rule Of Civil Procedure 12(b)(6).</u>

The purpose of Federal Rule of Civil Procedure 12(b)(6) is to eliminate baseless claims and to streamline litigation by dispensing with allegations that will result in needless discovery.  *See Neitzke v. Williams*, 490 U.S. 319, 326-27 (1989). To survive a motion to dismiss, a complaint must provide more than "legal

conclusions" and "[t]hreadbare recitals of the elements of a cause of action . . . ." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).  Where there are allegations in the complaint that, even if true, "could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court."  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 558 (2007) (citations and quotations omitted).

## B. Plaintiffs' State Law Counts Fail to State Claims For Which Relief Can Be Granted Against Cotiviti

Plaintiffs assert three state law causes of action in their Complaint:  Count I - Breach of Contract, Count II – Breach of Good Faith and Fair Dealing/Bad Faith, and Count III – Tortious Interference With Prospective Economic Advantage.  All three of these claims must be dismissed.

### 1. There is no Contract Between Cotiviti and the Plaintiffs' Patients That Could Have Been Breached

First, Plaintiffs plead with respect to the breach of contract claim that the contracts at issue are "the contracts of health insurance between their patients, who are UHC subscribers or subscribers of self-funded plans that UHC administers." Complaint, Count I, ¶ 1.  Plaintiff does not suggest that Cotiviti is a party to such health insurance contracts.  Accordingly, Plaintiffs have not stated a claim for breach of contract against Cotiviti.

2.  <u>Plaintiffs' State Law Claims Are Expressly Preempted By ERISA</u>

Second, and more importantly, the breach of contract claim, and the other two state law claims asserted by Plaintiffs against Cotiviti, are all expressly preempted by ERISA.  In all three state law claims, the claims are at least partly premised on the two ERISA health insurance plans, and Plaintiffs are seeking benefits from those plans – namely "reimbursement of all claims improperly recouped to date."  *See* Complaint, Count I, ¶ 1, Count II ¶ 2, Count III, ¶ 2, and Wherefore Clauses.  Plaintiffs do not dispute that the health insurance plans at issue are ERISA plans, as they also plead a cause of action under ERISA.  *See* Complaint, Count IV.

"ERISA possesses 'extraordinary pre-emptive power.'"  *Nat'l Sec. Sys., Inc. v. Iola*, 700 F.3d 65, 83 (3d Cir. 2012) (citation omitted).  ERISA's "broad preemptive scope reflects Congress's intent to lodge regulation of employee benefit plans firmly in the federal domain."  *Id.* (citing *N.Y. State Conf. of Blue Cross & Blue Shield Plans v. Travelers Ins. Co.*, 514 U.S. 645, 656-57 (1995)).  Moreover, "[c]onsolidation of regulation and decisionmaking with respect to covered plans in the federal sphere, Congress anticipated, would promote uniform administration of benefit plans and avoid subjecting regulated entities to conflicting sources of substantive law."  *Id.* (citing *N.Y. State Conf.*, 514 U.S. at 657).  "This, in turn, would 'minimize the administrative and financial burden'

imposed on regulated entities," *id.* (quoting *Ingersoll-Rand Co. v. McClendon*, 498 U.S. 133, 142 (1990)), "and expand employers' provision of benefits in light of the more predictable set of liabilities," *id.* (citing *Rush Prudential HMO, Inc. v. Moran*, 536 U.S. 355, 379 (2002)). "What emerged from Congress's deliberations on ERISA was a statute that both preempts state law expressly and contains a comprehensive civil enforcement scheme that preempts any conflicting state remedy." *Id.* (citing *Ingersoll-Rand*, 498 U.S. at 138-45; *Barber v. UNUM Life Ins. Co. of Am.*, 383 F.3d 134, 138-41 (3d Cir. 2004)).

ERISA's express preemption provision is contained in Section 514(a), which provides that ERISA "shall supersede any and all State laws insofar as they may now or hereafter relate to any employee benefit plan . . . ." 29 U.S.C. § 1144(a). "State law" is defined to include "all laws, decisions, rules, regulations or other State action having the effect of law, of any State." 29 U.S.C. § 1144(c)(1). "State common law claims fall within this definition and, therefore, are subject to ERISA preemption." *Iola*, 700 F.3d at 83.

The term "relate to[,]" is "deliberately expansive." *Id.* (quoting *Ingersoll-Rand*, 498 U.S. at 138). Indeed, as the Supreme Court has recognized, express preemption is not limited to "state laws specifically designed to affect employee benefit plans." *Pilot Life Ins. Co. v. Dedeaux*, 481 U.S. 41, 47-48 (1987) (holding breach of contract claims for failure to provide disability benefits were expressly

preempted) (quoting *Shaw v. Delta Air Lines, Inc.,* 463 U.S. 85, 98 (1983)).

Accordingly, a state law or claim need only have a "connection with or reference

to" an employee benefit plan to be preempted under Section 514(a). *Ingersoll-*

*Rand*, 498 U.S. at 139; *see also Metropolitan Life Ins. Co. v. Massachusetts*, 471

U.S. 724, 739 (1985) ("[A] state law relate[s] to a benefit plan in the normal sense

of the phrase, if it has a connection with or reference to such a plan.") (citation and

quotations omitted); *Pane v. RCA Corp*., 868 F.2d 631, 635 (3d Cir. 1989) (same).

Stated differently, ERISA preempts state-law when the "plan is a critical element

of a state law cause of action . . . ." *De Buono v. NYSA-ILA Med. & Clinical Servs.*

*Fund*, 520 U.S. 806, 815, (1997) (footnote omitted).

In the Third Circuit, as elsewhere, state law claims related to the

administration of a benefit plan, including those for breach of contract where the

plan is the contract at issue, breach of good faith and fair dealing based on the plan,

and tortious interference where the interference involves a plan, are all preempted

by ERISA and must be dismissed. *See Menkes v. Prudential Ins. Co. of Am.,* 762

F.3d 285, 296 (3d Cir. 2014) (affirming holding that state law breach of contract,

and breach of implied covenant of good faith and fair dealing were preempted by

ERISA); *Ford v. UNUM Life Ins. Co. of Am.*, 351 F. App'x 703, 706 (3d Cir.

2009) ("State law claims such as . . . breach of contract . . . would ordinarily fall

within the scope of ERISA preemption, if the claims relate to an ERISA-governed

benefits plan") (footnote omitted); *Pane*, 868 F.2d at 634-35 (affirming district court's holding that claims including breach of contract, and breach of good faith and fair dealing were preempted by ERISA); *Advanced Orthopedics & Sports Med. Inst. v. Empire Blue Cross Blue Shield*, No. 17-8697, 2018 WL 2758221, at *4-8 (D.N.J. June 7, 2018) (granting Rule 12(b)(6) motion and dismissing all claims by out-of-network healthcare provider seeking additional payment for medical services provided to participant as preempted by ERISA, including breach of contract claim); *McCarty v. Holt*, No. 12-3279, 2013 WL 775531, at *1, *3 (D.N.J. Feb. 27, 2013) (granting motion to dismiss under Rule 12(b)(6) because "[s]tate law claims such as breach of contract . . . are typically preempted by ERISA"); *Broad Street Surgical Center, LLC v. UnitedHealth Group, Inc.*, No. 11-2775, 2012 WL 762498, at *3-5 (D.N.J. Mar. 6, 2012) (denying plaintiff health care provider's motion for leave to amend with respect to the addition of breach of contract, breach of good faith and fair dealing, and tortious interference with prospective economic advantage claims relating to ERISA plans, because such amendment would be futile since those claims were expressly preempted by ERISA); *Center for Special Procedures v. Connecticut Gen. Life Ins. Co.*, No. 09-6566, 2010 WL 50618164, at *3 (D.N.J. Dec. 6, 2010) (granting defendant's motion to dismiss plaintiff health care provider's state law claims, including breach

of contract, breach of good faith and fair dealing and tortious interference, as expressly preempted by ERISA).

Here, the breach of contract, breach of good faith and fair dealing and tortious interference claims all relate to the ERISA plan and are expressly preempted because, as in the *Broad Street* and *Center for Special Procedures* cases, they are all "grounded in the premise that the Defendants were required to pay Plaintiff for services the Plaintiff provided to Patients[] who were covered under ERISA benefit plans."  *Broad Street*, 2012 WL 762489, at *5; *Center for Special Procedures*, 2010 WL 5068164 at *3 (holding that each state law cause of action "related to" the ERISA plans because "they are all rooted in the premise that Defendants should have remitted payment to Plaintiff for services Plaintiff rendered to persons covered by the plans").  Therefore, this court should dismiss all of Plaintiffs' state law claims as expressly preempted by ERISA.

**C. <u>Plaintiffs' Count IV Claim Fails To State A Claim For Relief Which Could Be Granted Under ERISA.</u>**

The Count IV ERISA claim that Plaintiffs bring against Cotiviti is not cognizable under ERISA based on the facts pled because Cotiviti is not a proper party to this claim, and it is not cognizable under ERISA as a matter of law.

1. <u>The "Equitable Relief" Limit In 29 U.S.C. § 1132(a)(3) Does Not Apply Here Because Defendants Have Not Brought A "Civil Action" Under 29 U.S.C. § 1132(a)(3).</u>

Plaintiffs claim in Count IV that the recoupment obtained by United violated ERISA because it was not "equitable relief" under 29 U.S.C. § 1132(a)(3), since the funds were not traced and equitable restitution did not apply.  Complaint, Count Four, ¶¶ 4-8.  As an initial matter, this claim appears to be asserted solely against United as the entity that recouped the overpayments.  See Complaint, Count Four, ¶ 4 (discussing "any legal claim by United"); ¶ 5 (discussing "any attempt by United to find a remedy").   However, to the extent this claim is also being brought against Cotiviti, it still must be dismissed because it reflects a fundamental misunderstanding of ERISA's enforcement provisions.

29 U.S.C. § 1132(a) provides in relevant part that:

[*a*] *civil action may be brought* . . . (3) by a participant, beneficiary, or fiduciary (A) to enjoin any act or practice which violates any provision of this subchapter or the terms of the plan, or (B) *to obtain other appropriate equitable relief* (i) to redress such violations or (ii) to enforce any provisions of this subchapter or the terms of the plan[.]

29 U.S.C. § 1132(a)(3) (emphasis added).  The Supreme Court has only held that a plan fiduciary *bringing a civil action under* 29 U.S.C. § 1132(a)(3) is subject to the requirements of the statute, *i.e.*, that the civil action could only seek "equitable relief."  *See, e.g., Great West Life & Annuity v. Knudson*, 534 U.S. 204 (2002); *Sereboff v. Mid Atl. Med. Servs., Inc.*, 547 U.S. 356 (2006); *Montanile v.*

*Bd. of Trs. of Nat'l Elevator Indus. Health Benefit Plan*, 136 S. Ct. 651 (2016).

This includes, under certain circumstances, a "tracing" requirement of the funds at issue, depending on the specific equitable relief being sought. *Montanile*, 136 S. Ct. at 655.

Here, however, Cotiviti has not brought a "civil action" under 29 U.S.C. § 1132(a)(3) to recover an overpayment from Plaintiffs. Accordingly, 29 U.S.C. § 1132(a)(3), and the tracing requirements discussed in *Knudson*, *Sereboff* and *Montanile*, are inapposite.

Courts have unanimously rejected Plaintiffs' suggestion that the "equitable relief" limits imposed by 29 U.S.C. § 1132(a)(3) apply to recoupment of an overpayment where there is no civil action filed to recoup that overpayment. For example, in *Northcutt v. Gen. Motors Hourly-Rate Emps. Pension Plan*, 467 F.3d 1031, 1034-37 (7th Cir. 2006), two former employees brought an action against General Motors, as well as its disability plan and retirement plan, alleging that the plans' withholding of future benefits to recoup an overpayment was not "equitable relief" under 29 U.S.C. § 1132(a)(3). The plaintiffs had refused to repay overpayments made to them as a result of Social Security benefits awards claiming that the "award[s] had been dissipated in [their] entirety by the time GM made its demand." 467 F.3d at 1033, 1034. GM then began to recoup the overpayments by prospectively suspending the plaintiffs' plan benefits. *Id.* at 1033-34. Plaintiffs

claimed that GM should not be permitted to withhold their benefits in this manner to offset the overpayment, but should instead be limited to *equitable* relief under 29 U.S.C. § 1132(a)(3).  *Id.* at 1034, 1036-37.  The Seventh Circuit rejected this argument and affirmed the dismissal of the plaintiffs' claims, stating that "[t]he decisions of the Supreme Court interpreting ERISA lend no support to the view that Congress' fine-tuning of the *judicial* remedies available to various ERISA entities was intended to preclude the extra-judicial contractual remedies such as the one at issue here."  *Id.* at 1036 (emphasis in original).  The court then explained why the "equitable relief" limits in 29 U.S.C. § 1132(a)(3) did not apply:

> *The present situation simply involves no civil action.* GM modified performance of its current payment obligations in accordance with a contractual provision entitling it to do so; this modification does not violate any aspect of ERISA that the plaintiffs have identified, nor does it violate a clearly articulated policy of ERISA. Indeed, it fosters the integrity of a written plan and ensures the availability of funds for other participants.

*Id.* at 1038 (emphasis added).

Following *Northcutt*, the plaintiff in *Shaffer v. Rawlings Co.*, 424 F. App'x 422, 423 (6th Cir. 2011), in a situation akin to that here, claimed that the defendant violated ERISA by attempting to recoup funds under a subrogation provision in the plaintiff's health insurance contract without tracing the funds or otherwise demonstrating that the recoupment was "equitable relief."  The Sixth Circuit

rejected this argument and affirmed dismissal of the complaint, because 29 U.S.C.

§ 1132(a)(3):

> speaks to the availability of "a civil action." It pertains
> only to judicial remedies—the kind of relief that may be
> sought in judicial proceedings and by whom. Nowhere
> does it speak to substance, either as to the validity of
> contractual provisions in general or subrogation and
> reimbursement clauses in particular. The provision
> "simply does not address the possibility of a recoupment
> device to recapture" funds advanced by the plan.

*Id.* at 425.

Finally, the district court in *Palmer v. Johnson & Johnson Pension Plan*, No.

09-0572, 2009 WL 3029794, at *3 (D.N.J. Sept. 17, 2009), rejected these same

arguments. In *Palmer*, the plan incorrectly calculated the plaintiff's pension

benefits and then sought to recoup the overpayments by reducing future benefit

payments. *Id.* at *1. The plaintiff filed a putative class action alleging that

withholding the future benefits did not constitute "equitable relief" under 29

U.S.C. § 1132(a)(3). *Id.* at *1, *3. The court rejected this claim and dismissed the

complaint because 29 U.S.C. § 1132(a)(3) only applied to "civil action[s]," not the

ongoing administration of a benefit plan. The court found "Plaintiff's argument

based on § 502(a) unpersuasive" stating "[t]his case does not involve a civil action

for recoupment . . . . Thus, arguing that some limitation on recovery of

overpayments in another context should be read to support the finding that

recoupment is never allowed is not persuasive." *Id.* at *3.

Numerous other courts are in accord. *See, e.g., White v. Coca-Cola Co.*, 542

F.3d 848, 858 (11th Cir. 2008) (affirming dismissal of putative class action

alleging withholding plan benefits to recoup overpayments arising from SSDI

benefit awards was improper because "[a]lthough there are several decisions by the

Supreme Court and our Circuit about what kind of relief is available to fiduciaries

who sue beneficiaries under section 502(a)(3) . . . these decisions are inapposite

because Coca-Cola has not sought judicial relief") (citations omitted); *Glaze v.*

*Sysco Corp.*, No. 05-1546, 2007 WL 1701931, at *5 (S.D. Ind. June 11, 2007)

(rejecting plaintiff's argument that ERISA prohibited Aetna from withholding

monthly disability payments to recoup overpaid amounts).

In sum, 29 U.S.C. § 1132(a)(3) is not implicated by the recoupment

Plaintiffs challenge here because Cotiviti did not file a "civil action" to secure the

offsets. As such, and pursuant to *Northcutt*, *Shaffer*, *Palmer*, and the other cases

cited above, Plaintiffs' claims in Counts Four challenging the offset fail as matter

of law and should be dismissed.

## 2. Recoupment Does Not Violate 29 C.F.R. § 2560.503-1

Plaintiffs also claim in Count IV that the recoupments here violate the

ERISA claims and appeal process laid out in 29 C.F.R. § 2560.503-1, because the

requests for recoupment were not made within 30 days of receiving the provider's

bill and request for payment. Complaint, Count IV, ¶ 10-14. Presumably, this

claim is being brought pursuant to 29 U.S.C. § 1132(a)(3), allowing an action to enjoin any act or practice which violates any provision of the subchapter.  To the extent that this is the case, such a claim can only be brought against a plan fiduciary, and the Complaint does not, and cannot, allege that Cotiviti is a plan fiduciary.  Complaint ¶ 4 (stating that Cotiviti is an "agent and/or contractor of UHC contracted to review and/or audit billing and reimbursement of UHC claims.")

Moreover, even if Cotiviti could be a proper defendant to such a claim, nothing in 29 C.F.R. § 2560.503-1 indicates that the clams and appeals process can be initiated through a healthcare provider's submission of a bill, or that a Plan is prevented from seeking to recoup overpayments to a healthcare provider.  While a participant or beneficiary could file a claim after a determination that the nerve conduction velocity testing services here was not covered, and the 30-day deadline would clearly apply to such claim, it did not apply to the provider bill submission here.

All of the cases cited by Plaintiffs in their Complaint are outside this Circuit, and none suggest that when a healthcare provider submits a bill, all analysis of that bill must be completed within 30 days, and after that period the Plan Administrator is forever barred from seeking any recoupment of overpayments pursuant to 29 C.F.R. § 2560.503-1.   In fact, all but one of the cases cited by Plaintiffs involve a

claim submitted by a participant requesting long-term disability benefits or supplemental retirement benefits under the ERISA claims and appeal process, rather than a bill submitted by a medical provider. *See Lauder v. First Unum Life Ins. Co.*, 284 F.3d 375, 380-84 (2d Cir. 2002) (discussing whether UNUM waived its defense of lack of disability because it chose not to pursue it at any point in administrative claims process, and only denied claim based on lack of coverage); *Mitchell v. CB Richard Ellis LTD Plan*, 611 F.3d 1192, 1199 n. 2 (9th Cir. 2010) (stating that the district court did not err in concluding that MetLife waived its date of onset coverage defense to disability claim because it failed to assert the issue at any point in the claims and appeals process below and had sufficient information to assert that basis for denial of benefits); *Zuckerman v. United of Omaha Life Ins. Co,*. No. 09-4819, 2011 WL 2173629, at * (N.D. Ill. May 31, 2011) (holding that in a case where participant sought disability benefits it was improper to assert a new rationale for denying claims in the appeal process that was not asserted in the initial denial); *Nichols v. Prudential Ins. Co. of Am.*, 406 F.3d 98, 101, 105-10 (2d Cir. 2005) (reversing order dismissing action for failure to exhaust administrative remedies, and holding where participant's appeal of denial of long-term disability benefits was not decided within 60-day appeal time period set in regulations decision would be subject to de novo review); *Eastman Kodak Co. v. STWB, Inc*., 452 F.3d 215, 223 (2d Cir. 2006) (reversing dismissal of action for failure to

exhaust, where participant sought supplemental retirement benefits under "top hat" plan because the plan did not have a claims and appeals procedure in place until after the lawsuit was filed and so the claim should be deemed exhausted)

The one case Plaintiffs cite involving a medical health and welfare plan, *Harlick v. Blue Shield of Cal.*, 656 F.3d 832 (9th Cir. 2011), *withdrawn and superseded by*, *Harlick v. Blue Shield of Cal*., 686 F.3d 699 (9th Cir. 2012), still did not involve a bill submitted by a health care provider -- it was specifically a claim filed by a participant.  Moreover, the ruling relating to the claims and appeal regulation was merely that an ERISA administrator who denies a claim must give a specific reason for a denial under the ERISA regulations, so where the insurer never addressed whether the denied care was medically necessary during the claims and appeal process, it could not do so in the litigation.  *Harlick*, 686 F.3d at 719-21.

Not a single one of these cases is in the same procedural posture as the current case and, accordingly, none support the argument that the ERISA claims and appeals process in 29 C.F.R. § 2560.503-1 applies and only permits a bill submitted by a healthcare provider to be denied within 30 days of the submission. Thus, Plaintiffs have failed to state a claim against Cotiviti as a matter of law for failure to comply with the ERISA claims and appeal regulations, and this claim against Cotiviti must be dismissed for this additional reason.

3. <u>Cotiviti Is Not a Proper Defendant To a Benefits Claim</u>

Finally, to the extent that Plaintiffs are seeking to bring an ERISA claim for benefits under 29 U.S.C. 1132(a)(1)(B), as possibly suggested in their Count IV wherefore clause, Cotiviti is not a proper defendant to such a claim. Only the plan or plan administrator is subject to an ERISA claim for benefits. *Graden v. Conexant Sys., Inc.* 496 F.3d 291, 301 (3d Cir. 2007) (explaining that for a 29 U.S.C. § 1132(a)(1)(B) benefits claim the proper defendant is "the plan itself (or plan administrators in their official capacities only).") As noted previously, Plaintiffs plead in the complaint that Cotiviti is an "agent and/or contractor of UHC contracted to review and/or audit billing and reimbursement of UHC claims and self-funded plans UHC administers in the state of New Jersey and/or is authorized to do so." Complaint ¶ 4. Nowhere do Plaintiffs suggest that Cotiviti is the plan administrator. Accordingly, to the extent Plaintiffs have asserted an ERISA 502(a)(1)(B) claim against Cotiviti, this too must be dismissed.

## III.  **CONCLUSION**

Plaintiffs' Complaint against Defendant Cotiviti LLC should be dismissed in its entirety with prejudice for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6).

MORGAN, LEWIS & BOCKIUS LLP


_s/ Richard G. Rosenblatt_

Richard G. Rosenblatt
MORGAN, LEWIS & BOCKIUS LLP
502 Carnegie Center
Princeton, New Jersey 08540
Phone:  (609) 919-6609
*Attorneys for Defendant Cotiviti, LLC*

Dated:        September 17, 2018